[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, eight present or former residents of the City of Stamford, seek a temporary injunction regarding the City's implementation of its responsibilities in connection with the sale of the personal property and possessions belonging to evicted tenants under General Statutes 47a-42. This statute provides that if a tenant against whom an execution has been issued, after a judgment of eviction has entered, fails to remove his possessions from the landlord's premises, the sheriff or his deputy may remove and place them on the adjacent sidewalk, street or highway. Subsection (c) provides that if the evicted tenant does not immediately remove his possessions and personal CT Page 770 effects from such location "the chief executive officer of the town shall remove and store the same."
The plaintiffs, all of whom were evicted tenants, claim that the City fails to provide adequate notice of what will happen to the property and possessions of persons whose goods have been removed by the City and are in storage, with the result that on many occasions such goods are destroyed by the defendants without the owners having an adequate opportunity to reclaim them.
The statute further provides that if the personal property is "not called for" and the "expense of such removal and storage", which apparently runs in the $300 to $500 range, is not paid within fifteen days after the person is evicted, the goods are to be sold at public auction by the municipality "after using reasonable efforts to locate and notify the defendant of such sale" as well as the posting of public notice. The net proceeds, after deducting removal and storage fees, are to be paid to the evicted tenant, or turned over to the municipal treasury if the tenant does not make demand for such funds within thirty days after the sale.
The plaintiffs claim that the City sends notice of the auction sale to the premises from which the tenant was evicted, and that as a result they do not receive timely notice of the auction. The plaintiffs also assert that the City does not adequately advise a tenant that he has the right to come to the public auction and submit a bid to recover his goods. The plaintiffs also argue that on occasion the City conducts its auction immediately after the fifteen day period has expired and on other occasions holds the auction at a much later period. Introduced in evidence was the City's former "notice of public auction", which is issued by the City's Department of Social Services, acting on behalf of the City's mayor, and indicates that a public auction will be held and the property sold to the highest bidder.
The defendant City of Stamford claims, on the other hand, that it does make reasonable efforts to advise evicted tenants of what is happening to their personal possessions. Notice of the auction is sent to the tenant's current address if it is known, otherwise to the premises from which the tenant was evicted, on the theory that the tenant would presumably advise the post office of a new forwarding address. The City also claims that in this particular action all or most of the plaintiffs had received actual notice of the impending auction before it occurred. CT Page 771
Temporary injunctions are authorized by General Statutes 52-471. Our Connecticut case law sets the standard for the circumstances under which a temporary injunction may issue. Hartford v. American Arbitration Association, 174 Conn. 472, 476, 391 A.2d 137 (1978), holds that a person seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law. Moreover, the "competing interests" of the parties must be evaluated, and the relief granted must be "compatible with the equities of the case." Dukes v. Durante, 192 Conn. 207, 225, 471 A.2d 1368 (1984).
In the seventh count of their complaint the plaintiffs claim that General Statutes 47a-42 violates both the due process clause of Section 1 of the Fourteenth Amendment to the United States Constitution, as well as the due course of law provision in Article first, Section 10, of the Connecticut Constitution, because of failure to give adequate notice of the auction and of a tenant's rights with respect thereto. However, the memorandum of law submitted by the plaintiffs seems to refer exclusively to the administration of this statute by the Stamford officials involved in the auction, and not on any alleged unconstitutionality. In any event, I believe the statute is constitutional under the criteria of Bottone v. Westport,209 Conn. 652, 657, 553 A.2d 576 (1989) (""[i]n passing upon the constitutionality of a legislative act, we will make every presumption and intendment in favor of its validity. . ."; and further that "the party challenging a statute's constitutionality has a heavy burden of proof, the unconstitutionality must be proven beyond all reasonable doubt.")
Based on the standards set forth in that case and others to the same effect, I would not agree with the plaintiffs that the statute is unconstitutional, as it seems to me to represent a reasonable response by the legislature to the problem of what to do with the possessions of tenants who have been evicted by judicial process but have not removed their possessions from the landlord's property.
The plaintiffs also seek a temporary injunction on the basis that the Stamford officials charged with the enforcement of the statute fail to provide evicted tenants with reasonable notice of the auction as required by the statute. Whatever infirmities there may have been in the past practices of the Stamford officials in that regard, the City's corporation counsel adopted new procedures effective August 2, 1990 which, in my opinion, afford evicted tenants reasonable notice of the auction of their goods, and their CT Page 772 rights with respect thereto. One of the documents is entitled "Notice of removal and possible sale of possessions and personal effects". This notice makes it clear that the tenant has a right to bid at the auction and that his possessions will be sold to the highest bidder. The City also will provide a "Notice of debt for the removal and storage of possessions and personal effects," which explains in detail the amount of the moving and storage charges that the City is owed by a tenant who, after eviction by court order and the issuance of an execution, still fails to remove his goods from the landlord's premises, and then also fails to remove them from the sidewalk or street in front of said premises, thereby necessitating action by the City in accordance with the statute. In addition, the City has formulated a detailed procedure to implement the statute "in an effort to improve the existing plains and procedures concerning the pickup and recovery of evicted tenants' property", which includes drafting of the notice of auction in a language other than English if the Department of Social Services knows that the tenant cannot read English; the presence of a city official at the premises where and when the eviction is occurring; the preparation of an inventory of the tenant's possessions; and the opportunity for a hearing by the Department of Social Services if a tenant claims that his possessions were disposed of in violation of the statute.
The only remaining issue is what happens to a tenant's goods and possessions if no one bids at the auction, or the evicted tenant is the high bidder but lacks sufficient funds to pay for the removal and storage fees. The City takes the position that it can throw away or destroy the tenant's possessions immediately thereafter, even though such property might be worth more than the money owed the City. For this reason I believe that the present and/or proposed procedure in this respect can fairly be said to violate due process, and therefore destruction of a tenant's possessions under those circumstances is temporarily enjoined from further implementation. I believe, however, that a more proper and equitable procedure would be to continue storing the goods until such time as their value becomes less than the total of unpaid removal and storage fees, after which the goods may be disposed of by the City, but not before.
With these new procedures in place and ready for implementation, and with the exception regarding destruction of property as noted above, I see no reason or rationale for restraining or enjoining the City from carrying out its responsibilities under General statutes 47a-42 with respect to the possessions of tenants who have been evicted CT Page 773 in accordance with the law.
Hence the request for a temporary injunction is denied except as to the destruction of goods worth more than the total fees owed the City, with respect to which a temporary injunction hereby issues.
So Ordered.
Dated at Stamford, Connecticut this 31st day of August, 1990.
WILLIAM B. LEWIS, Judge